**Viktor DEDIVANOVIC, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–5479–ag NAC.**

United States Court of Appeals, Second Circuit.

June 19, 2006.

Terence G. Hoerman, Detroit, MI, for Petitioner.

Robert M. Butler, Assistant United States Attorney for the Northern District of Iowa, Cedar Rapids, IA, for Charles W. Lawson, Sr., United States Attorney for the Northern District of Iowa, for Respondent.

Present JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Viktor Dedivanovic (A 96 260 244), an ethnic Albanian and native of Yugoslavia, petitions through counsel, for review of the BIA decision affirming the June 29, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ pretermitted Dedivanovic's asylum claim because she found that Dedivanovic neither filed his application within one year of entry into the United States nor met any of the exceptions to the one-year filing deadline under 8 C.F.R. § 1208.4. Because Dedivanovic does not challenge this finding at all in his brief to this Court, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005). We therefore have no basis to overturn the IJ's denial of Dedivanovic's asylum application.

■ As to withholding of removal, the IJ determined that, although Dedivanovic

testified credibly, he failed to establish past persecution based on his ethnicity or religion, or to demonstrate that the incidents of mistreatment directed at him and his family constituted persecution. In reaching her determination, the IJ focused on Dedivanovic's claim that his refusal to report for service in the Yugoslavian army caused him to be persecuted by the Serbian authorities. The IJ found that "[a]n argument could be made that excessive force was used when [Dedivanovic] was beaten and shot in the leg, but this was done by the military when trying to enforce their legitimate right to have [Dedivanovic] serve in the military ... [and] the draft was enforced against all males and not only against Albanian Catholics."

In its order affirming the IJ decision, the BIA similarly stated that "the respondent did not establish that the soldiers' pursuit of him as he attempted to evade military service was extraordinary or based on his ethnicity, religion, or political opinion," and added that Dedivanovic had also not satisfied "his burden of establishing that military service would have required him to be involved in conduct condemned by the international community as contrary to the basic rules of human conduct."

Given Dedivanovic's testimony that he had refused to serve in the Yugoslavian military in 1999—during the NATO bombing of that country—because he did not want to be part of an army that was massacring Albanians (his own people), and considering that Dedivanovic was pursued by the military into 2001 for his refusal to serve that institution in 1999, the IJ's determination that Dedivanovic did not demonstrate past persecution must be reconsidered according to principles laid out in *Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005).

There, in a case involving an ethnic Albanian's refusal to join the Yugoslavian army, we held that "for those individuals who seek to avoid serving in a military whose brutal and unlawful campaigns are directed at members of their own ... nationality ... the requirements for stating a persecution claim are met at a significantly lower threshold of military wrongdoing than would be required if the objections are simply a matter of conscience." *Id.* At 397.

■ In addition to finding that Dedivanovic had not suffered past persecution, the IJ also found that, Dedivanovic had not shown that it was more likely than not that his life or freedom would be threatened if he returned to Yugoslavia (now, Serbia and Montenegro), as required in order to make out a successful claim for withholding of removal. In this regard, the IJ emphasized a report in the record by the American Embassy in Belgrade discussed "an amnesty for draft evaders." The IJ's finding as to future persecution does not, however, obviate the need for a remand of Dedivanovic's withholding of removal claim, because had the IJ determined that Dedivanovic suffered past persecution, that would have triggered a rebuttable presumption under 8 C.F.R. § 1208.16(b)(1)(B)(ii) that Dedivanovic's life or freedom would be threatened if removed. Moreover, although the report from the United States Embassy in Belgrade states that "a series of laws enacted by ... Yugoslavia and by Montenegro and Serbia separately, grant amnesty to those who evaded the call up or deserted the decade of Yugoslavia's conflicts," Dedivanovic presented not only documentary evidence that contradicts the claim in this report, but also credible testimony that he was pursued, beaten and shot in the leg in 2001 for evading the draft in 1999. The IJ's failure to sufficiently address this evidence also requires remand. *See Tambadou v. Gonzales*, 446 F.3d 298, 304 (2d Cir.2006).

Although Dedivanovic did not exhaust his CAT claim before the BIA, the BIA considered and decided that claim. *See Xian Tuan Ye v. Department of Homeland Security,* 446 F.3d 289 (2d Cir. 2006) (finding that the Court has jurisdiction to review a claim that was not argued before the BIA if the BIA nonetheless address it); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994). However, because past harm does not create a presumption of future torture for CAT purposes, the IJ's finding that it is not more likely than not Dedivanovic will be tortured is supported by substantial evidence.

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision.