**Juan Alberto MORI–VASQUEZ, Andres Alberto Mori, Juan Alberto Mori, Natividad Raquel Mori,[1] Petitioners,**

v.

**Alberto R. GONZALES,[2] United States Attorney General, Respondent.**

**Nos. 04–1186–ag (L), 04–1188–ag (con).**

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

---

1. Because Petitioner Natividad Mori is now deceased, her appeal, docketed under 04–1188–ag, and all pending motions, are dismissed as moot. *See, e.g., Krantz v. United States,* 224 F.3d 125, 127 (2d Cir.2000).

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Richard H. Zweig, New York, NY, for Petitioners.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Chief of Appeals, Criminal Division, Craig Oswald, Christopher S. Niewoehner, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Juan Alberto Mori–Vasquez, through counsel, petitions for review of the BIA

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

decision affirming Immigration Judge ("IJ") Michael Rocco's decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA adopts and affirms the IJ in a brief opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We lack jurisdiction to review the IJ's factual determination that Mori–Vasquez' asylum application was not timely filed, and that he failed to establish changed or extraordinary circumstances justifying the late filing. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–54 (2d Cir.2006). The asylum claim is therefore dismissed for lack of jurisdiction. Withholding of removal, however, is not subject to any filing deadlines, and the IJ's factual findings underlying the denial of that claim are reviewed for substantial evidence. *See Xiao Ji Chen,* 434 F.3d at 155–58. Under this standard, we treat these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen,* 434 F.3d at 158 (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Substantial evidence supports the IJ's conclusion that Mori–Vasquez failed to meet his burden of proving a clear probability of persecution in Peru based on his religious conversion. Mori–Vasquez admitted that he had not suffered any threats or harm in the past, and had not applied for asylum previously for that very reason. His family's only circumstance that might arguably give rise to a threat of future harm was their conversion from the Catholic to the Methodist Church. The State Department report indicated that Peru was 98% Catholic, the Catholic religion received preferential treatment, and children were required to undergo Catholic religious instruction in school. However, the report also indicated that religious conversion was respected and that procedures existed to request alternative religious instruction in school. As neither Mori–Vasquez's testimony nor the background materials suggested that his family faced any particular threat of harm on account of any protected ground, they failed to meet the high burden necessary to sustain a withholding claim. Finally, although Mori–Vasquez also addresses a claim for relief under the Convention Against Torture ("CAT") in his brief, he never applied for CAT relief before the IJ. Moreover, even assuming we had jurisdiction to address this claim because the BIA did so implicitly, *see Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006), that claim would clearly fail because Mori–Vasquez pointed to no evidence to suggest there was any likelihood his family would be tortured in Peru.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).