**Aferdita KACUPAJ, Eugert Kacupaj, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4287–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Saul C. Brown, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Susan El Gillooly, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: RALPH K. WINTER, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Aferdita Kacupaj and Eugert Kacupaj (A95–476–782, A95–476–783), mother and son, through counsel, petition for review of a Board of Immigration Appeals ("BIA") decision that dismissed their appeal from Immigration Judge ("IJ") Michael W. Strauss's denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA determined that, even assuming the credibility of Ardian Kacupaj—Aferdita's husband and Eugert's father—there had been a fundamental change in conditions in Albania sufficient to rebut any presumption of persecution.[1] We assume the parties' familiarity with the underlying facts and procedural history.

Under the regulations, the BIA does not have the authority to engage in factfinding (except for taking administrative notice of commonly known facts). *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir.2006). Although petitioners do not raise it in their brief, the critical issue in this case is whether the BIA did engage in fact-finding in concluding that Kacupaj lacks a well-founded fear of persecution. We believe it did and we will reach this issue, despite petitioners' failure to raise it, in order to avoid manifest injustice. *See, e.g., United States v. Babwah*, 972 F.2d 30, 34–35 (2d Cir.1992).

Specifically, the BIA erred when it made an independent determination regarding changed country conditions in Albania. That is, whereas the IJ found that Kacupaj failed to establish eligibility for relief be-

---

1. Ardian Kacupaj separately petitioned this Court for review of the BIA's decision regard-

ing his claim. His case was filed under Docket Number 05–4294.

cause he was incredible regarding the beatings he and his wife suffered in 2000, the BIA assumed credibility but denied his, his wife's, and his son's claims because it found that, due to fundamentally changed in circumstances in Albania, Kacupaj no longer had a well-founded fear of persecution. In reaching this determination, the BIA relied on the 2002 Country Report, which the IJ briefly discussed in his decision but about which the IJ made no findings. The BIA also erred when it made independent determinations regarding Kacupaj's eligibility for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii)(A) and *Matter of Chen,* 20 I. & N. Dec. 16, 1989 WL 331860 (BIA 1989), and under 8 C.F.R. § 1208.13(b)(1)(iii)(B) (an applicant may be granted asylum if "[t]he applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to [the] country.").

Upon remand, the agency may consider the evidence on which the BIA relied, as well as evidence of the return to power of the Democratic Party in Albania through general elections in July 2005. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005). However, it must remand to the IJ if it wishes to make findings based on this evidence. Since petitioners do not raise their CAT claim in their brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, petitioners' pending motion for a stay of removal in this petition is DENIED as moot.