**Kamrul Hasun TALUKDER,[1]
Petitioner,**

v.

**Alberto R. GONZALES, United States
Attorney General, Respondent.**

**No. 05–6002–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 14, 2006.

---

**1.** We take the liberty of correcting the petitioner's name to reflect the spelling as it appeared during the agency's proceedings and as it appears on the parties' briefs.

Salim Sheikh, New York, NY, for Petitioner.

Mary Beth Buchanan, U.S. Atty. for the Western District of Pennsylvania, Robert L. Eberhardt, Asst. U.S. Atty., Pittsburgh, PA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Kamrul Hasun Talukder, a native and citizen of Bangladesh, seeks review of an October 11, 2005 order of the BIA affirming the March 15, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kamrul Hasun Talukder,* No. A70 651 631 (B.I.A. Oct. 11, 2005), *aff'g* No. A70 651 631 (Immig. Ct. N.Y. City Mar. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The BIA also supplemented the IJ's adverse credibility determination by adding one factor. Accordingly, this Court reviews the IJ's adverse credibility determination as supplemented by the BIA. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews questions of law *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, Talukder argues that the IJ applied the wrong standard of law in assessing his credibility. He asserts that the IJ should have been applying a preponderance of the evidence standard, but he does not cite to any specific parts of either the IJ's decision or the

BIA's decision which indicate that a standard other than the preponderance of the evidence was being applied. He only generally states that he satisfied the burden of proof by presenting credible evidence. There is nothing in the IJ's decision that would indicate the wrong standard was used in this case. Accordingly, Talukder's legal argument regarding the credibility finding is rejected.

In this case, although some of the grounds for the IJ's adverse credibility determination were erroneous, the non-erroneous reasons are sufficient for this Court to determine that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 434 F.3d at 162. Talukder gave implausible and unclear testimony as to why the BNP would still seek to harm him after 13 years. His testimony regarding the state of the Jatiya Party was confused and in conflict with the country reports. The IJ also reasonably questioned Talukder's credibility when he failed to present any testimony regarding the alleged outstanding warrant for his arrest. His testimony regarding the urgency for fleeing also conflicted with his willingness to wait for a student visa before fleeing Bangladesh. Based on these factors, a reasonable fact-finder would not have been compelled to accept Talukder's testimony as true, and the IJ did not err in finding that the documentary evidence in the record was insufficient to rehabilitate his testimony. Accordingly, the IJ's adverse credibility determination is supported by substantial evidence, and the credibility determination was a sufficient ground for denying the asylum claim.

Because the only evidence of a threat to Talukder's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Since Talukder did not raise any arguments regarding the denial of his CAT claim in his brief to the BIA, this claim is unexhausted, and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Even though the government has waived any arguments relating to exhaustion by addressing the CAT claim on the merits only, this Court still cannot reach the CAT claim because it is a separate administrative remedy, as opposed to a single issue that Talukder failed to exhaust. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 120–21 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).