**SHOUJUN DONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

**No. 05–6505–ag.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Dehai Zhang, Flushing, NY, for Petitioner.

Katherine L. Haden, Assistant United States Attorney, for Donald J. Degabrielle, Jr., United States Attorney for the Southern District of Texas, Houston, Texas.

Present: Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Shoujun Dong petitions for review of the BIA's decision affirming the decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision as modified and supplemented by the BIA. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 293 (2d Cir.2006) (finding that this is the appropriate standard where "the BIA adopted the conclusions of the IJ and upheld its adverse credibility finding, but did so for reasons other than those cited in the IJ's ... decision"). Because the BIA indicated that the IJ erred "regarding *some* aspects of his adverse credibility finding," (emphasis added), listed only one aspect, and then proceeded to list three "discrepancies in the respondent's evidence," we understand the BIA to have affirmed the adverse credibility determination based on these discrepancies. We review the agency's factual findings, including adverse credibility determination, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Because Dong was given the opportunity to reconcile the discrepancy between the date of entry and the issuance date of his identification card, but failed to do so, this finding lends support to the adverse credibility determination. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). We cannot reach the same conclusion with respect to the inconsistencies regarding Pastor Wang's gender and the fine paid for Dong's release. These "asserted inconsistencies were not so dramatic as to be self-evident," and the IJ did not "bring[ ] the perceived discrepancy to the alien's attention, thereby giving the alien an opportunity to address and perhaps reconcile the seeming inconsistency." *Id.* at 118, 114, 115 (vacating where credibility ruling "depended on putative discrepancies that

were not obvious and were not discussed at any point during the hearing"). It is troubling when the BIA relies on minor inconsistencies that were not noted by the IJ in the first instance.

Though the BIA relied on two grounds which were insufficient to support the adverse credibility determination, because the error-free finding as to discrepancy regarding petitioner's identification card is supported by substantial evidence, "we can state with confidence" that remand would be futile. *Xiao Ji Chen v. United States DOJ,* 434 F.3d 144, 161 (2d Cir.2006).

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.