**YUN XUAN JIA, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Respondent.**

No. 04–3239–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

David Yan, Flushing, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Doris Coles–Huff, Assistant United States Attorney, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Xuan Jia, a citizen of the People's Republic of China, seeks review of a May 24, 2004 order of the BIA affirming the April 24, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Yun Xuan Jia*, No. A79 319 813 (B.I.A. May 24, 2004), *aff'g* No. A79 319 813 (Immig. Ct. N.Y. City Apr. 24, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). As the government argues, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under section 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under section 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, although Jia alleges that the IJ violated his right to due process, we decline to consider the claim because Jia failed to raise it before the BIA. *See Theodoropoulos v. INS*, 358 F.3d 162, 172–73 (2d Cir.2004) (noting that where the BIA may decide underlying issues of fairness of process, and could have provided the possibility of relief, petitioner was required to exhaust even due process claims before petitioning the Court for review).

Although Jia failed to raise a withholding of removal or CAT claim before the BIA, we may nevertheless review those claims where, as here, the BIA addressed them in its decision. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006);

*Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhang*, 386 F.3d at 73–74. In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted).

Substantial evidence supports the adverse credibility finding. Jia's testimony was, in material respects, inconsistent, implausible and contradictory.

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).