**Artan FOTO, Petitioner,**

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 03–40508–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander Milch, Christophe & Associates, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, David Glockner, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. ROGER J. MINER, Circuit Judges.

## SUMMARY ORDER

Petitioner Artan Foto, a native and citizen of Albania, seeks review of a September 5, 2003, order of the BIA affirming the April 2, 2002, decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and relief under the CAT. *In re Artan Foto,* No. A78 226 053 (B.I.A. Sept. 5, 2003), *aff'g* No. A78 226 053 (Immig. Ct. N.Y. City Apr. 2, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to review Foto's asylum and CAT claims and dismiss the petition for review as to those claims. The asylum claim was denied because Foto failed to prove that his application was filed within one year of entry into the United States. "[N]o court shall have jurisdiction to review any determination of the Attorney General" concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3). An exception has been made if the findings present constitutional claims or questions of law. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006).

Foto argues that the IJ denied due process by allowing the overall adverse credibility finding to bleed into the IJ's evaluation of whether Foto was credible regarding his date of entry into the United States, and by failing to explain which aspects of his testimony are deemed incredible. These arguments, however, are actually challenges to the IJ's factual findings masked as constitutional claims. *See, e.g., Saloum v. U.S. Citizenship & Immigration Svcs.,* 437 F.3d 238, 243–44 (2d Cir.2006). This Court lacks jurisdiction to review the IJ's factual determination that Foto failed to prove his date of entry with credible evidence. Since Foto has failed to assert a sufficient question of law or con-

stitutional challenge to the IJ's one-year bar finding, his asylum claim is dismissed for lack of jurisdiction.

■ Foto acknowledges in his brief that he did not exhaust his CAT claim before the BIA, and, as a result, this Court would generally lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Foto argues, however, that his failure to exhaust should be excused because the law did not support a challenge to the denial of his CAT claim at that time. The purpose of the exhaustion rules is to make sure that the agency has "a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court." *Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004). Since Foto did not raise his CAT claim to the BIA, nor did the BIA make an explicit ruling on Foto's CAT claim, this Court cannot be confident that the agency considered this claim. Accordingly, Foto's failure to exhaust his CAT claim before the agency cannot not be excused simply because he did not believe he would win on that claim.

■ Despite the government's argument to the contrary, we have jurisdiction to review Foto's withholding of removal claim. Although Foto did not specifically mention withholding of removal in his brief to the BIA, the IJ clearly denied Foto's withholding of removal claim on adverse credibility grounds, and the BIA explicitly affirmed that finding. Since Foto raised the adverse credibility determination in his brief to the BIA, and since the BIA ruled on it, this Court can be confident that the purposes of the exhaustion requirement were met. *See Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004) (discussing 8 U.S.C. § 1252(d) and noting that this Court must make sure that the agency has "a full opportunity to consider a petition-

er's claim before they are submitted for review by a federal court"); *Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006) (holding if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court).

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions, including the portions of the IJ's opinion not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen,* 434 F.3d at 158 (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Upon review, we conclude that the IJ's adverse credibility determination is supported by substantial evidence. Foto was inconsistent about whether he ever used a name other than his own, and Foto's explanation was not such that a reasonable fact-finder would have been compelled to accept it. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, considering that a medical record was offered as proof of Foto's injuries in Albania, the IJ reasonably doubted Foto's credibility when he failed to explain consistently how and when the document was obtained. Moreover, the IJ reasonably questioned the authenticity of that document because it reflected treatment that had not yet been administered. Moroever, Foto's explanation conflicted with the information provided in the hospital verification document. The IJ's reliance on the inconsistency between Foto's testimony and the expert's letter was also reasonable, and Foto's explanation was not compelling. Lastly, the IJ reasonably found that Foto was inconsistent about his compensation and dates of employment with the Democratic Party.

Because all of the IJ's adverse credibility findings are supported by the record, and because they all relate to material elements of Foto's claims, the IJ's adverse credibility determination is supported by substantial evidence. As a result, the IJ was reasonable in questioning the veracity of all of Foto's testimony and a sufficient basis to deny Foto's withholding of removal claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Accordingly, Foto's argument that the IJ erred in failing to explicitly address whether he suffered past persecution in Albania is without merit.

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction with respect to petitioner's asylum and CAT claims and DENIED in part with respect to his withholding of removal claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).