**LI–MING KE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6395–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 30, 2007.

Alexander Kwok–Ho Yu, Law Office of Alexander K. Yu, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Stephen S. Davis, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Li–Ming Ke, a native and citizen of the People's Republic of China, seeks review of a November 1, 2005 order of the BIA affirming the February 5, 2004 decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li–Ming Ke*, No. A 79 142 001 (B.I.A. Nov. 1, 2005), *aff'g* No. A 79 142 001 (Immig. Ct. N.Y. City Feb. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding but does so for reasons other than or in addition to those cited in the IJ's decision, we review the decision of the

IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293, 296 (2d Cir.2006). Because we rely only on the BIA's conclusion that Ke failed to sustain his burden of proof by not corroborating his claim with reasonably available affidavits from his family, we need not address the BIA's reliance on findings in the IJ's 2002 decision. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006).

Before denying a claim solely because of a credible applicant's failure to provide corroborating evidence, the agency must identify the evidence and "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004). Furthermore, the applicant must be given an opportunity not only to "explain" the absence of the requested corroboration, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 394–95 (2d Cir.2005), but also "to submit what may be readily available evidence," *see Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006).

 The IJ reasonably found that letters or affidavits from Ke's family in China were available because Ke had testified that he was in contact with his sisters and, through them, his parents, from whom he had obtained his identity documents. Ke offered no reason why his family could not send affidavits. It was reasonable to find that Ke's family's failure to send affidavits after he had allegedly requested them did not support a finding that the affidavits were unavailable. The IJ reasonably rejected Ke's explanations for the absence of the affidavits: that he was unaware of the need for documentation and that there was insufficient time to obtain it. The IJ's 2002 decision faulting Ke for failing to provide corroborative evidence notified Ke of that need, and Ke was reminded of this evidentiary deficiency at his November 2003 scheduling hearing. Accordingly, Ke was provided sufficient opportunity to remedy the absence of corroborative evidence. Thus, the agency did not err in finding that Ke failed to corroborate his claim with reasonably available evidence. *See Diallo*, 232 F.3d at 290.

 This finding provided sufficient support for the agency's determination that Ke did not sustain his burden of proof for relief. *Cf. Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). Because Ke could not sustain his burden of proving that these persecutory events occurred, the BIA did not err in finding that he could not demonstrate the requisite likelihood of future persecution or torture required to sustain his burden for asylum, withholding, or CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).