Ashvinder KAUR, Irvinder Kaur Tinna, Surjit Singh Tinna, Harvinder Kaur, Surjit Kaur, Petitioners,

v.

Alberto R. GONZALES, Respondent.

Nos. 03–4699–ag (L); 03–4700–ag (con); 03–4702–ag (con); 03–4703–ag (con); 03–4706–ag (con).

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioners.

Tim Griffin, United States Attorney for the Eastern District of Arkansas, Jeffrey P. La Vicka, Assistant United States Attorney, Little Rock, AR, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioners Surjit Kaur, Irvinder Kaur Tinna, Surjit Singh Tinna, Harvinder Kaur

and Ashvinder Kaur, citizens of India, seek review of March 13, 2003 orders of the BIA affirming the January 6, 1999 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying their applications for asylum and withholding of removal. *In re Surjit Kaur*, A73 663 647 (B.I.A. March 13, 2003); *In re Surjit Singh Tinna*, A73 663 646 (B.I.A. March 13, 2003); *In re Irvinder Kaur Tinna*, A73 636 645 (B.I.A. March 13, 2003); *In re Harvinder Kaur*, A73 663 643 (B.I.A. March 13, 2003); *In re Ashvinder Kaur*, A73 663 642, (B.I.A. March 13, 2003), *aff'g* Nos. A73 663 647, A73 663 646, A73 663 645, A73 663 643; A73 663 642 (Immig. Ct. N.Y. City Jan. 6, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

Here, substantial evidence supports the IJ's adverse credibility determination, where the applicants' statements were inconsistent regarding whether Kaur was beaten during her first and second arrests. As the IJ noted, Kaur never mentioned that she was beaten by the police in her asylum application. Although she indicated in the application that she was arrested in June 1989 and in March 1991, she stated only that "we were humiliated and filthy language was used against us." We agree

that these statements do not indicate, as Kaur did on direct and cross-examination, that she was beaten during her first arrest. When asked why she had omitted from her application that she had been beaten, she responded only that she "thought it was not necessary." We find Kaur's omission dramatic, and therefore also find that it was reasonable for the IJ to rely on discrepancies between her statements without discussing her explanation. See *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295–96 (2d Cir.2006).

Moreover, the applicants' testimony regarding whether Kaur was beaten during her second arrest was internally inconsistent. Kaur testified on direct examination that the police "tried to scare me and they told me to stop your duties and they threatened me and they told me you will face a very serious consequence, and not only you, your family." In addition, during cross-examination, she clearly denied having been beaten after her second arrest. However, two of Kaur's children testified that she had been beaten. First, her daughter stated that she suffered a "minor" beating during her second arrest, explaining that the police "hit her with a stick and, then, took her to the station." Later, Kaur's son also confirmed that she had been beaten during both of her arrests. Accordingly we agree with the IJ that these discrepancies are "significant," and go to the heart of the Petitioners' claims. See *Belortaja v. Gonzales*, 484 F.3d 619, 626 (2d Cir.2007).

Additionally, there is no error in the IJ's finding that it was discrepant for Kaur and her children to testify that she was the president of the local women's branch of the Akali Dal Mann, where the documents she submitted to corroborate her assertion indicated only that she was "an active member" of the party. See *Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.

2006). When asked why her colleagues had omitted information indicating that she was a chapter president, Kaur stated only "I do not know." We are not compelled to credit this explanation. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005).

Because the aforementioned discrepancies fundamentally undermine the Petitioners' claims for relief, we can confidently predict that the same result would ensue even if some other findings of the IJ are erroneous. *See Xiao Ji Chen,* 471 F.3d at 339–40. Finally, as the government notes, the Petitioners never sought relief under the Convention Against Torture ("CAT") before the IJ. Although we note that the Petitioners raised the issue in their brief to the BIA, it is nevertheless unexhausted because the IJ, as fact-finder, never had the opportunity to review the claim. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (holding that a petitioner must raise each category of relief to the agency before subsequently raising it in this Court); 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f) (prohibiting the BIA from fact-finding).

Accordingly, these petitions for review are DENIED inasmuch as they challenge the agency's denial of the Petitioners' applications for asylum and withholding of removal, and DISMISSED inasmuch as they raise an unexhausted CAT claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).