**YUAN QING WANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–1744–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yuan Qing Wang, a native and citizen of China, seeks review of a March 29, 2007 order of the BIA, affirming the September 23, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which pretermitted his application for asylum and denied him withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yuan Qing Wang*, No. A97 549 652 (B.I.A. Mar. 29, 2007), *aff'g* No. A97 549 652 (Immig. Ct. N.Y. City Sept. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

█ As an initial matter, Wang does not challenge the pretermission of his asylum application before this Court. Indeed, Wang appears to challenge only the denial of his application for withholding of removal. As such, we deem waived any challenge to the agency's denial of asylum and relief under CAT.[2]

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. Dep't Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, Manzur v. Dep't Homeland Sec.*, 494 F.3d 281, 288–89 (2d Cir.2007).

█ Here, the agency did not err in finding that Wang failed to establish that he was eligible for withholding of removal.

---

**2.** Contrary to the government's argument, we have jurisdiction to review Chen's arguments regarding the agency's denial of withholding of removal. Where, as here, the BIA considers a claim or issue despite an applicant's failure to raise it, this Court can be confident that the purposes of the exhaustion requirement were met, *see Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir.2004) (discussing 8 U.S.C. § 1252(d) and noting that this Court

must make sure that the agency has "a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court"), and may consider such claims and issues exhausted. *See Xian Tuan Ye v. Dep't Homeland Sec.*, 446 F.3d 289, 296–97 (2d Cir.2006) (holding that where the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court).

428

Wang challenges the agency's decision that he failed to establish past persecution on account of his membership in a particular social group and argues that the agency did not provide a sufficient reason for denying his claim. The BIA has held that economic harm may constitute persecution; however, "an applicant for asylum must demonstrate a severe economic disadvantage." *In re T–Z–*, 24 I. & N. Dec. 163, 173 (BIA 2007).[3] Indeed, "[t]he economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *In re T–Z–*, 24 I. & N. Dec. at 173. Moreover, "the harm must be of a deliberate and severe nature and such that is condemned by civilized governments." *Id.* (internal quotation marks and citation omitted).

■ The agency found that Wang's assertions that he was expelled from school, prevented from enrolling in another school, and denied employment because of his father's incarceration did not amount to persecution. Wang's only testimony regarding his difficulties securing employment were his statements that "[n]obody would have hired me because my father was a prisoner" and that potential employers knew that his father was in prison "[b]ecause they put up posters to ... make announcements about it." Moreover, in his asylum application, Wang acknowledged that, at the age of fifteen, he attempted to find employment "to reduce [his] mother's burden." We conclude that a reasonable fact finder would not be compelled to find that Wang's expulsion from school and inability to find employment was deliberate or sufficiently severe as to constitute economic persecution. *In re T–Z–*, 24 I. & N. Dec. at 173–74; 8 U.S.C. § 1252(b)(4)(B). As the agency properly concluded that Wang failed to establish past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).[4] Moreover, Wang does not challenge the agency's finding that he failed to establish a well-founded fear of persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 4 (2d Cir.2005). Accordingly, the agency's denial of withholding of removal was proper.

For the foregoing reasons, the petition for review is DENIED. As we have com-

3. The agency did not apply *In re T–Z–* to this case as the decision had not yet been issued. JA at 2–3 (BIA's March 2007 Decision); *In re T–Z–*, 24 I. & N. Dec. 163, 173 (BIA May 9, 2007). Typically, "a court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act." *NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974). However, "there is no need to remand where, as here, [i] the BIA's decision is supported by substantial evidence; [ii] no valid challenge is raised against Chevron deference; [iii] the intervening decision supports and validates the reasoning of the decision under review; and [iv] the intervening decision does not amount to a pivot in agency policy." *Xiu Fen*

*Xia v. Mukasey*, 510 F.3d 162, 168 (2d Cir. 2007). In his brief, Wang recognizes that *In re T–Z–* merely "clarified [the BIA's] standard for economic persecution" as opposed to announcing a change in policy. Moreover, as discussed herein, the agency's decision is supported by substantial evidence. Accordingly, we need not remand this case to the BIA for consideration of Wang's claim of economic persecution.

4. Wang also argues that the agency failed to properly consider whether he belonged to a particular social group, namely "close family members of convicted criminals in China." However, because the agency reasonably found that any harm he suffered did not amount to persecution, we need not reach his argument regarding the existence of such a social group.

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).