**Engjell ZAKOLLI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3743–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2008.

Jules E. Coven, Kerry W. Bretz, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Engjell Zakolli, a native and citizen of Albania, seeks review of the August 3, 2007 order of the BIA affirming the March 27, 2006 decision of Immigration Judge ("IJ") Philip Montante, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Engjell Zakolli*, No. A79 436 669 (B.I.A. Aug. 3, 2007), *aff'g* No. A79 436 669 (Immig. Ct. Buffalo Mar. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because the BIA described the IJ's adverse credibility determination as "flawed" and assumed Zakolli's credibility for purposes of its decision, we proceed accordingly. *See Yan Chen,* 417 F.3d at 271.

 We find no error in the BIA's finding that there has been a fundamental change in circumstances in Albania rebutting Zakolli's fear of persecution on account of his political opinion. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). We have consistently observed that the results of Albania's 2005 elections strongly suggest that a fundamental change has occurred with respect to the risk of harm faced by Democratic Party supporters. *See, e.g., Hoxhallari v. Gonzales,* 468 F.3d 179, 188 (2d Cir.2006); *Qyteza v. Gonzales,* 437 F.3d 224, 228 n. 2 (2d Cir.2006). Zakolli concedes that his party now controls the Albanian parliament. Furthermore, we are unpersuaded by his argument that allegations of human rights abuses found in a State Department report in the record compel a finding opposite of the BIA's when that report covered only the year 2004, i.e., before the Democratic Party's election victory in 2005.

◼ Because the agency did not err in concluding that Zakolli failed to establish a well-founded fear of persecution if he returned to Albania, it did not err in denying

his application for asylum, withholding of removal, and CAT relief[2] where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Although Zakolli's brief before the BIA did not challenge the IJ's denial of his CAT claim, we consider that claim to be properly exhausted where the BIA addressed it *sua sponte. See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).

