**JIAN JUN HE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–5151–ag.

United States Court of Appeals, Second Circuit.

May 25, 2006.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Laura Thomas Rivero, Assistant United States Attorney (R. Alexander Acosta, United States Attorney for the Southern District of Florida; Sally M. Richardson, Assistant United States Attorney; and Anne R. Schultz, Chief, Appellate Division, on the brief), United States Attorney's Office for the Southern District of Florida, Miami, FL, for Respondent.

Present ROGER J. MINER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jian Jun He, through counsel, petitions for review of a September 3, 2004 Order of the BIA affirming a June 12, 2003 decision by Immigration Judge ("IJ") Sandy Hom, *see In re He, Jian Jun,* File No. A 78–864–269 (New York, NY), which denied He's application for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture ("CAT").[1] We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues raised on appeal.

Because the BIA issued a short opinion adopting the IJ's conclusion that He was not credible, supplementing the IJ's decision with additional analysis, and declining to rely on one finding of the IJ—namely, the IJ's finding that He offered testimony inconsistent with "statements that he had made at the time of his arrival to the United States"—we review the IJ's decision as supplemented and modified by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review the IJ's factual findings for substantial evidence, applying a "highly deferential" standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. USDOJ,* 434 F.3d 144, 156 & n. 9 (2d Cir.2006). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted).

Of course, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (citation and internal quotation marks omitted). "Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable." *Xian Tuan Ye v. Dept. of Homeland Security,* 446 F.3d 289, 2006 WL 1174145, at *3 (2d Cir. May 2, 2006).

In adopting the IJ's adverse credibility determination, the BIA relied on the IJ's conclusion that He gave implausible testimony regarding how he managed to depart China, how he was able to obtain a birth certificate and national ID card, and

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Apr. 18, 1988, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Dec. A/39/51 (1984).

the date and circumstances of his father's arrest. The BIA further emphasized that He's testimony was implausible because (1) he "did not explain why he was not at home at 10:00 p.m., where he was, or how he learned of his father's arrest," (2) "failed to present the testimony of anyone to corroborate his current practice of Falun Gong," and (3) could not account for certain apparent discrepancies between his own characterization of events and that contained in a letter submitted by his mother.

■ Upon our review of the record as a whole, we hold that the IJ and BIA unreasonably relied on these perceived inconsistencies and implausibilities in determining that He was not credible. First, regarding He's use of a U.S. passport to depart China, the record does not support the IJ's conclusion of implausibility because an officer in Sanya City—He's departure point— might fail to recognize He as a fugitive based solely on his photograph. Moreover, the IJ failed to consider He's explanation that "local policemen were looking for me in the local area. It's not like a national most wanted, looking for me."

Second, regarding He's procurement of an ID card and birth certificate, the IJ erroneously stated that He testified to receiving his national ID document in 2002; in fact, He stated that he received the document on January 11, 2000, before the police began looking for him. Moreover, there is nothing in the record to contradict He's explanation as to how and why he was able to obtain his birth certificate in August 2002. He suggested that his mother was most likely able to obtain the document on his behalf because the department responsible for issuing birth certificates is different from the department that would have been aware of his outstanding arrest warrant, and that all persons born in China have a right to receive a birth certificate. Without more, the IJ's reasoning on this score constitutes impermissible speculation.

■ Third, He testified consistently that he was not present when his father was arrested, but that he returned home at some point after the arrest to find his crying mother. He further testified that he spent the night at home to console his mother but that after being warned of the risks to him, he decided to leave home early the next morning. The record does not bear out the IJ's assertion that He "provided conflicting dates for his father's arrest." Furthermore, the BIA erred in drawing an adverse credibility inference based on He's alleged testimony that his father was arrested at 10:00 p.m. In fact, He testified only that the arrest occurred "in the evening, at night." Moreover, He was not asked to explain where he was at the time of his father's arrest or how he learned of the arrest. Accordingly, the BIA erred in relying on these gaps in He's testimony without affording He an opportunity to provide an explanation. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 123 (2d Cir.2006).

Finally, the BIA was permitted to draw negative inferences from (1) the absence of any witnesses or affidavits to corroborate He's assertion that he continues to practice Falun Gong, and (2) the presence of certain inconsistencies between He's testimony and his mother's letter. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Nonetheless, we conclude, in light of the errors discussed above, that we cannot "state with confidence that the IJ would adhere to his decision if we were to remand." *See Xiao Ji Chen*, 434 F.3d at 158. Accordingly, the case must be remanded for further consideration of He's asylum, withholding of removal, and CAT claims.

\* \* \* \*

For the foregoing reasons, the petition for review is **GRANTED,** the BIA's order is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this decision. Any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).