**JUN JIANG, Xiao–Fang Hu, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

**Nos. 04–3835–AG (L), 04–3837–AG (Con).**

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

David X. Feng, New York, NY, for Petitioners.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Garrett M. Heenan, Assistant United States Attorney, Atlanta, GA, for Respondents.

Present WILFRED FEINBERG, JOSÉ A. CABRANES, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Jun Jiang and Xiao–Fang Hu, natives and citizens of the People's Republic of China, seek review of a June 29, 2004 order of the BIA affirming the June 16, 2003 decision of Immigration Judge ("IJ") Paul DeFonzo pretermitting petitioners' application for asylum and denying their application for withholding of removal.[2] *In re Jun Jiang, Xiao–Fang Hu,* Nos. A 96 253 174, A 96 253 175 (B.I.A. June 29, 2004), *aff'g* Nos. A 96 253 174, A 96 253 175 (Immig. Ct. N.Y. City June 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms and concurs with the IJ in a brief decision, it is appropriate to review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for reconsideration if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

■ As an initial matter, we lack jurisdiction to review the IJ's factual determination that Jiang's asylum application was not filed within a year of entry to the United States because he has not raised any constitutional or legal challenges to that finding. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen,* 434 F.3d at 151–54. The asylum claim is therefore dismissed.

■ Jiang's claim for withholding of removal is not subject to any filing deadlines; however, the IJ denied the claim based on an adverse credibility finding that is supported by substantial evidence.[3] The IJ identified numerous internal inconsistencies in Jiang's testimony and contradictions between his testimony and application that went to the heart of his persecution claim. Jian repeatedly made inconsistent statements about when he

---

2. Because Jiang has not presented any arguments to this Court concerning his application for relief under the Convention Against Torture ("CAT"), and Jiang clearly indicated to the IJ that he was not pursuing a CAT claim, we deny review of that claim without further discussion. *See Li Zu Guan v. INS,* 453 F.3d 129, 131 n. 2 (2d Cir.2006).

3. We reject the government's argument that Jiang's withholding claim should be dismissed because he failed to raise it before the BIA. Although Jiang challenged only the denial of asylum to the BIA, the BIA effectively rendered any exhaustion claims moot by addressing the withholding claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296–97 (2d Cir.2006).

**148**

first and last practiced Falun Gong in China, and the IJ reasonably found his explanations for these inconsistencies implausible. The IJ also found that Jiang's inconsistent testimony about the date on which certain pictures were taken cast doubt on his claim that he practiced Falun Gong in the United States, and further noted inconsistencies between and within Jiang's application and testimony regarding the timing of his decision to leave China. Moreover, the IJ found that the failure of Jiang's wife to testify even though she was present in the courtroom cast further doubt on Jiang's credibility. Given these inconsistencies, a reasonable fact-finder would not be compelled to find that Jiang demonstrated past persecution or a clear probability of future persecution. *See Xiao Ji Chen,* 434 F.3d at 161; *Zhou Yun Zhang,* 386 F.3d at 73.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).