Abdulamit SATKU, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 07–0736–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Raymond S. Santiago, Freehold, New Jersey, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Cindy Ferrier, Senior Litigation Counsel, R. Alexander Goring, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Abdulamit Satku, a native of Yugoslavia and a citizen of Macedonia, seeks review of a January 30, 2007 order

of the BIA affirming the January 3, 2005 and July 11, 2005 decisions of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Abdulamit Satku,* No. A 95 864 054 (B.I.A. Jan. 30, 2007), *aff'g* No. A 95 864 054 (Immig.Ct.N.Y.City, Jan. 3, 2005) and No. A 95 864 054 (Immig.Ct.N.Y.City, July 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

■ As an initial matter, this Court lacks jurisdiction to review the agency's decision to pretermit Satku's asylum application. Although Satku did not challenge that decision before the BIA, the BIA nevertheless addressed the issue, and, thus, it is deemed exhausted. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006). However, because Satku challenges only the correctness of the IJ's factfinding and the agency's exercise of discretion, we are without jurisdiction to consider his arguments and accordingly dismiss the petition for review to that extent. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(3). *See also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006) (noting that courts lack jurisdiction to review claims regarding the untimeliness of asylum petitions when such claims "essentially dispute[ ] the correctness of an IJ's factfinding or the wisdom of his exercise of discretion").

■ Proceeding to consider Satku's arguments regarding the denial of his withholding application, we agree that the IJ's adverse credibility finding was not supported by substantial evidence. This finding rested solely on the discrepancy between Satku's testimony at the hearing that he had been arrested by Macedonian police on numerous occasions and his earlier denial of ever having been arrested, contained in a May, 2001 visa application submitted to U.S. consular officials. [JA 54]. Satku, who sought this visa at a time when, according to his testimony, he had been subject to arbitrary arrests and beatings by Macedonian police, explained to the IJ that he lied on his application because he believed that if he told the truth about the arrests, he would not receive the visa. [JA 212]. Although the IJ was not required to accept this explanation, the IJ's reliance upon this single discrepancy as the sole basis for an adverse credibility determination was not reasonable. Those fleeing persecution sometimes lie to escape the country where they face persecution, and such lies can be fully consistent with a well-founded claim to refugee status. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133–35 (2d Cir.2006).

■ We nevertheless conclude that substantial evidence supports the agency's determination that Satku was ineligible for withholding of removal. Satku testified that he was subjected to arbitrary arrests and beatings by Macedonian police on account of his activities on behalf of Albanian political organizations. [JA 191–204]. The IJ concluded that this testimony was not credible and did not demonstrate past persecution. [JA 69–70]. Assuming that Satku's evidence established that he was

subject to past persecution, the agency reasonably concluded that the Government had established a fundamental change in circumstances in Macedonia sufficient to rebut any presumption that Satku has a well-founded fear of future persecution based on his past experiences. *See, e.g., Hoxhallari v. Gonzales*, 468 F.3d 179, 184–87 (2d Cir.2006) (affirming denial of petition on the ground that fall of communism in Albania constituted a fundamental change in circumstances). *See also* 8 C.F.R. §§ 1208.13(b)(1), 1208.13(b)(1)(i)(A).

As the BIA observed, since Satku's departure from Macedonia the political parties have entered into a Framework Agreement "which [has] resulted in the implementation of constitutional and legislative changes for improved civil rights for ethnic minority groups." [JA 2]. The record indicates that in the 2002 Macedonian parliamentary elections, opposition parties, including an Albanian party, won a majority of seats. The 2003 State Department Country Report submitted by the Government did not indicate widespread persecution of ethnic Albanians during 2003, but instead affirmed that the Macedonian government generally respected the human rights of its citizens. [JA 307]. Substantial evidence thus supports the agency's conclusion that the Government had shown a fundamental change in circumstances in Macedonia. *See Hoxhallari*, 468 F.3d at 186–87 (noting agency's expertise in assessing country conditions).

Finally, Satku based his CAT claim on the same facts as his withholding claim, and these facts were insufficient to establish that Satku faces persecution on his return to Macedonia. Therefore, substantial evidence supports the agency's determination that Satku did not show he would likely face torture in Macedonia. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.