

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Liang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liang v. Atty Gen USA" (2008). *2008 Decisions.* Paper 890.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/890

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3321
_____

LIN LIANG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-314-262
(U.S. Immigration Judge:  Honorable Miriam K. Mills)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed July 7, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Lin Liang ("Liang") petitions for review of the July 9, 2007 decision of the Board

of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her

application for asylum, withholding of removal, and protection under the United Nations

Convention Against Torture ("CAT").  For the following reasons, we will deny the petition for review.

Liang is a twenty-three year old native and citizen of China who illegally entered the United States on December 22, 2003.  An immigration inspector interviewed Liang on the date of her arrival, and the administrative record includes a copy of a sworn statement executed by Liang containing a transcript of this initial interview.  During the initial interview, the officer inquired as to the purpose of Liang's trip to the United States.  According to the sworn statement, Liang responded that she came here to look for a job.  She also mentioned that she feared returning to China, and she was given an opportunity to elaborate upon this point at a credible fear interview, which took place on January 30, 2004.  The administrative record includes the notes of the asylum officer who conducted the credible fear interview.

In October 2004, Liang filed an application for asylum, withholding of removal, and CAT protection.  She alleged in the personal affidavit accompanying the application that local authorities ordered her to undergo an abortion in March 2002, when she was seventeen years old, because her out-of-wedlock pregnancy had been deemed "unauthorized."  She also alleged that she was taken into custody in February 2003 for not paying the fine imposed by the government as a penalty for the unauthorized pregnancy.  She claimed in the affidavit that she remained in custody until March 13, 2003, the day after the fine was paid.  She submitted several documents in support of the

2

application, including hospital records and a statement from her mother describing the circumstances of the abortion.

The IJ denied the application in its entirety, concluding that Liang did not give credible testimony at the removal hearing and consequently failed to lay a proper foundation for any of the unauthenticated documents that she submitted in support of her claims. Liang appealed to the BIA, which found no clear error in the IJ's adverse credibility finding. Specifically, the BIA noted that Liang's credibility was undermined by her failure to mention the alleged abortion and detention during her initial interview, even though the interviewing officer had broached the issues of pregnancy and arrest.[1] The BIA further noted that Liang gave inconsistent statements regarding the length of time that she spent in jail, observing that she stated at the credible fear interview that she was in jail for one year, but later indicated in her asylum application and at the removal hearing that she was detained for only one month. The BIA concluded that she failed to provide a convincing explanation for these discrepancies and that they were central to the asylum claim. The BIA also acknowledged that Liang had submitted a hospital record in support of her contention that she was required to undergo an abortion. However, the

---

[1] Liang had testified at the removal hearing that the sworn statement did not accurately reflect her responses at the initial interview because two other individuals were being interviewed at the same time. The BIA and IJ rejected this explanation, noting that Liang had not submitted evidence corroborating her claim that other individuals were present during the interview. In light of Liang's testimony that she had remained in contact with the other alleged interviewees, the BIA and IJ found it significant that she did not submit corroborative evidence, such as an affidavit, from one or both of these individuals.

3

BIA determined that she was not eligible for relief on the basis of this evidence because the document "equally support[ed] an inference that [Liang] voluntarily chose to have an abortion, particularly in light of the personal predicament in which [she] found herself." Liang has filed a petition for review of the BIA's decision.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). Because it appears that the BIA substantially relied on the IJ's credibility determination in rejecting Liang's appeal, we have jurisdiction to review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Agency findings of fact, include adverse credibility determinations, are reviewed for substantial evidence, and must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Berishaj v. Ashcroft, 378 F.3d 314, 322 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). The agency must provide "record support and specific, cogent reasons" for its credibility determination and may not base it on speculation or conjecture. Id. at 324-25. Furthermore, the discrepancies must go to the heart of the asylum claim. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). "Generally, minor inconsistencies and minor admissions that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." Id. (internal quotation marks and citation omitted).[2]

---

[2] The REAL ID Act of 2005, which prescribes new rules governing adverse credibility findings, does not apply to this appeal because Liang filed her asylum application before

4

Liang contends that the adverse credibility determination is not worthy of deference because the BIA solely relied upon "speculation, conjecture, personal value judgments and . . . alleged discrepancies that were explained in the record." However, she does not address any of the specific reasons given by the agency for finding her testimony not credible, nor does she discuss how these discrepancies are explained in the record.

We conclude, based on our independent review of the record, that the adverse credibility determination is supported by substantial evidence. The discrepancies cited in the BIA's decision are reflected in the record and are central to Liang's application because they undermine her credibility with regard to her assertions that Chinese authorities ordered her to undergo an abortion and later arrested her for not paying the fine for the unauthorized pregnancy. We also note Liang was given an opportunity at the removal hearing to explain these discrepancies. For instance, she testified at the hearing that she did, in fact, mention her arrest during the initial interview. She also denied having stated at the initial interview that she came to the United States for the purpose of finding a job. In addition, when asked to explain her inconsistent statements regarding the length of her detention, she responded by simply denying that she stated that she had spent a year in jail. Given that Liang did not present any evidence in support of these explanations, we conclude that the agency acted within its discretion in determining that

_____

May 11, 2005, the Act's effective date. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

they were inadequate.  As for the hospital record, the BIA correctly observed that the document does not indicate on its face that Liang had been forced to undergo an abortion. Accordingly, we do not believe that this evidence compels a finding of past persecution under 8 U.S.C. § 1101(a)(42).

Because the agency properly found that Liang did not satisfy her burden of proving eligibility for asylum, the petition for review is necessarily without merit to the extent Liang challenges the denial of her claim for withholding of removal.  See Paripovic v. Gonzales, 418 F.3d 240, 246 (3d Cir. 2005).  The claim for CAT protection was also properly denied, as there is no evidence in the record showing that Liang faces a likelihood of torture.[3]

## III.

For the foregoing reasons, we will deny the petition for review.

---

[3] Even though Liang failed to present her CAT claim on appeal to the BIA, we reject Respondent's contention that the claim is unexhausted, since the BIA chose to address the issue of Liang's eligibility for CAT relief.  See Ye v. Dep't of Homeland Sec., 446 F.3d 289, 296-97 (2d Cir. 2006).