**Dmitriy V. KARGAPOLOV, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5644–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Alexander J. Segal, The Law Office of Grinberg & Segal, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Andrew Oliveira, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Dmitriy V. Kargapolov, a native and citizen of Russia, seeks review of a December 4, 2007 order of the BIA affirming the March 13, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dmitriy V. Kargapolov,* No. A98 977 677 (B.I.A. Dec. 4, 2007), *aff'g* No. A98 977 677 (Immig. Ct. N.Y. City, Mar. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Kargapolov failed to challenge the IJ's adverse credibility determination before the BIA, and because the Government has identified that failure, we decline to consider the challenge he makes before this Court in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 123 (2d Cir.2007). To the extent the IJ's adverse credibility determination was dispositive of Kargapolov's applications for asylum, withholding of removal, and CAT relief, his failure to exhaust is fatal to those claims for relief.

The Government also argues that this Court may not consider Kargapolov's argument that the IJ's biased conduct at his hearing deprived him of his due process rights. We find, however, that such argument was exhausted where Kargapolov ar-

gued that the proceedings were "unfair" and the BIA addressed the merits of that argument. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296–97 (2d Cir.2006). Nonetheless, we find no merit to Kargapolov's due process claim.

An individual in removal proceedings is entitled to due process of law under the Fifth Amendment. *See Reno v. Flores,* 507 U.S. 292, 305–07, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). In order "[t]o establish a violation of due process, [he] must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir.2007) (internal quotations omitted). In his brief to this Court, Kargapolov cites to several portions of the transcript in which the IJ questioned him, and asserts that in denying his case, the IJ relied on "irrelevant considerations" and made certain remarks about his demeanor. However, Kargapolov has not demonstrated that the IJ's conduct in questioning him was improper; indeed, as the BIA noted, an IJ is empowered to "interrogate, examine, and cross-examine the alien and any witnesses" in a removal proceeding. 8 U.S.C. § 1229a(b)(1). While Kargapolov asserts that the IJ's conduct was hostile throughout his questioning, he fails to demonstrate that the IJ's conduct denied him "a full and fair opportunity" to present his claims. *Burger,* 498 F.3d at 134. Accordingly, he has not shown that the IJ's conduct violated his due process rights. *Cf. Islam v. Gonzales,* 469 F.3d 53 (2d Cir.2006) (remanding where "an IJ's conduct results in the appearance of bias or hostility such that [the Court] cannot conduct a meaningful review of the decision below").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.