ZHAO TING LIN, Hong Rong Lin, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.*

No. 07–3208–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioners.

Jeffrey Bucholtz, Acting Assistant United States Attorney General, Civil Division, Michelle G. Latour, Assistant Director, Office of Immigration Litigation, Sunah Lee, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Zhao Ting Lin and Hong Rong Lin,[1] natives and citizens of the People's Republic of China, seek review of a July 11, 2007 decision of the Board of Immigration Appeals (BIA) dismissing appeal of the August 2, 2005 order by Immigration Judge (IJ) Elizabeth A. Lamb denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture.[2] *In re Lin,* Nos. A 98 694

---

1. Because Hong Rong Lin's application was completely derivative of the application of his wife, Zhao Ting Lin, this order refers only to Zhao Ting Lin ("Lin").

2. Petitioners expressly waive any challenge to the BIA's denial of Hong Rong Lin's motion to remand.

306/307 (B.I.A. July 11, 2007), *aff'g* Nos. A 98 694 306/307 (Immig. Ct. N.Y. City Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400–02 (2d Cir.2005). When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons that differ at least in part from the reasons cited in the IJ's decision, we review the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293, 296 (2d Cir.2006).

Petitioner's claim for relief rests on three assertions: (I) that she practices Falun Gong and as a result suffered persecution in China, (ii) that the Chinese government forced her to have an abortion, and (iii) that because she has two children she would be subject to forced sterilization if she returns to China.

■ The IJ's decision detailed specific flaws in petitioner's testimony and other evidence, including inconsistencies about the timeline of events, about her parents' knowledge of the alleged Falun Gong activities of a woman who shared their house with petitioner, and about the Chinese authorities' alleged harassment of petitioner but not petitioner's parents for harboring a Falun Gong practitioner. In light of these flaws, a reasonable adjudicator would not be compelled to conclude that petitioner's Falun Gong claim was based on credible evidence.

■ The IJ also found that petitioner's claim to have been forced to undergo an abortion while in China was not credible. The IJ reasoned that because petitioner's Falun Gong testimony was not credible, "therefore [the IJ does not] have any basis to believe her abortion story either." The IJ immediately went on to note that petitioner had failed to provide credible "other evidence" to corroborate her claim. The IJ pointed out that the principal piece of corroboration offered—a "Family–Planning Operation Certificate" from China—was unauthenticated. Moreover, the certificate did not show that the "abortion" was involuntary.

As our Court noted in *Siewe v. Gonzales*, 480 F.3d 160 (2d Cir.2007), we have "frequently" held that "an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate." *Id.* at 170. Because "[i]n the immigration context, corroborating evidence is often limited, and the petitioner's credibility is almost always crucial, . . . a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Id.* As a result, "[a]n IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility." *Id.* We do not believe that any reasonable adjudicator would be compelled to conclude that petitioner's abortion claim remained credible despite petitioner's lack of credibility in advancing her Falun Gong claim and the lack of corroborating evidence for the abortion claim.

We therefore agree with the IJ's determination on this point.[3]

 The IJ also held that petitioner's having two children was insufficient grounds for granting her political asylum. The BIA affirmed that holding, and we concur. To establish eligibility for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). To establish asylum eligibility based on future persecution, an applicant must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire*, 357 F.3d at 178. Here, petitioner alleges that she would be subject to persecution in China on account of her currently having more than one child. However, the sole evidence that she provides in support of this assertion is her allegation that the Chinese government forced her to have an abortion. Because the IJ and BIA found that petitioner's abortion claim was not credible and their finding satisfied the substantial-evidence standard, petitioner has not carried her burden of demonstrating either past persecution or an objectively reasonable fear of future persecution.

Moreover, because petitioner's claim under the Convention Against Torture rests upon her assertion that she was forced to have an abortion in China, that assertion's lack of credibility vitiates the Convention claim as well.

 Petitioner also applied for withholding of removal, which the IJ denied. The BIA affirmed the IJ's decision. Because an applicant who seeks withholding of removal faces an even greater burden than an applicant who seeks asylum, we have held that "an applicant who cannot establish his eligibility for asylum is necessarily unable to establish his eligibility for withholding of removal." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Since petitioner has failed to establish eligibility for asylum, *a fortiori* she has also failed to establish eligibility for withholding of removal.

For the foregoing reasons, the petition for review is hereby DENIED.

---

3. A terse and ambiguous footnote in the BIA opinion stated that the IJ's determination here was "harmless error." The BIA's grounds for reaching that conclusion are difficult to discern, but we need not resolve that question because, as the BIA itself acknowledged, the sum of the reasons mentioned by the IJ are sufficient to enable a reasonable adjudicator to conclude that petitioner's abortion claim was not credible.