**XIAO QING LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–5493–ag.**

United States Court of Appeals, Second Circuit.

June 17, 2009.

Joshua E. Bardavid, Of Counsel to Jan Potemkin, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Steven F. Day, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Xiao Qing Li, a native and citizen of the People's Republic of China, seeks review

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

of an October 14, 2008 order of the BIA affirming the April 12, 2007 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Qing Li,* No. A98 560 535 (B.I.A. Oct. 14, 2008), *aff'g* No. A98 560 535 (Immig. Ct. N.Y. City Apr. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. Asylum and Withholding of Removal

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

We conclude that the agency properly found that Li failed to establish that he suffered past persecution, or has a well-founded fear of persecution, on account of a protected ground. While Li argues that he was a member of the particular social group of "agricultural farmer[s] in the Chinese household registration system," his argument is unavailing, as he fails to establish that this is a cognizable particular social group under the Immigration and Nationality Act.

Additionally, Li argues that his resistance to the confiscation of his family's property was an expression of his political opinion.[2] We recognize that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 547–48 (2d Cir.2005). Thus, in order to show that Li's opposition to the village leader's corruption was politically motivated, he was required to demonstrate that he was challenging not just the village leader and the other officials whose actions were corrupt, but also the institution within which those officials operated. *See id.* Li made no such showing. His resistance consisted of his refusal to sell pigs to the officials and his family's failure to pay the 100,000 RMB fine the officials imposed. Nothing in the record indicates that his opposition to the confiscation of his family's pigs was political in nature or perceived as such. Because the evidence establishes only that Li's interest in resisting the officials stemmed from his desire to be paid the fair market value of the pigs, Li has failed to demonstrate that his resistance was an expression of his political opinion. *See id.* at 547–48.

Li's failure to establish the requisite nexus to a protected ground is fatal to his claims for asylum and withholding of removal. Thus, we do not consider his challenge to the agency's finding that the harm that he suffered did not amount to persecution, or that he did not establish a well-founded fear of persecution.

## II. CAT Relief

In his brief to this Court, Li fails to raise any challenge to the agency's denial

---

2. The Government argues that Li failed to exhaust this claim before the BIA. However, the BIA specifically addressed the question of whether Li established persecution on account of political opinion, excusing any failure to exhaust. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994).

of his CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See id.* at 541 n. 1, 545 n. 7. Accordingly, we deem his CAT claim waived.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.