08-6084-ag
Yero v. Holder

BIA
Van Wyke, IJ
A096 267 356

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> ROGER J. MINER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MALICK YERO,
> *Petitioner,*

> v.                                         08-6084-ag
>                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[1]
> *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:       Douglas F. Broder, Lindsey N. Plotnick, Catherine A. LaRose, K&L Gates LLP, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Malick Yero, a native and citizen of Mauritania, seeks review of a November 14, 2008 order of the BIA vacating the October 28, 2004 decision of Immigration Judge ("IJ") William Van Wyke, granting Yero's application for asylum and denying his application for withholding of removal. *In re Malick Yero*, No. A096 267 356 (B.I.A. Nov. 14, 2008), *vacating* No. A096 267 356 (Immig. Ct. N.Y. City Oct. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an independent decision on remand from this Court, we review the BIA's decision alone. *See*

*Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007) (citing *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005)).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Contrary to Yero's argument, the BIA did not violate his due process rights by citing in its decision the 2005 State Department report on Mauritania, a more recent report than the 2004 version that appeared in the record, particularly where the 2005 report was not the sole basis for denying Yero relief.  *See Shao v. Mukasey*, 546 F.3d 138, 166-68 (2d Cir. 2008); *Burger v. Gonzales,* 498 F.3d 131, 135 (2d Cir. 2007) (finding that "where administratively noticed facts are the *sole* basis for the BIA's reversal of an IJ's grant of asylum," the BIA "err[s] by failing to give [the petitioner] advance notice of its intention to consider th[ese] extra-record fact[s].").  Accordingly, although the BIA is "strongly encourage[d] . . . to adopt procedures to alert the parties of any agency intent to take judicial

3

notice of extra-record facts and to afford them an opportunity to be heard," we find no error in its failure to do so in this case.[2]  *Shao*, 546 F.3d at 167 n.29.

The BIA did not conduct *de novo* review of the IJ's factual findings.  *See* 8 C.F.R. § 1003.1(d)(3)(i) (prohibiting the BIA from conducting *de novo* review of findings of fact).  The BIA's decision observed that Yero had not articulated "any particular political or religious affiliations or beliefs for which he would be targeted for harm."  That statement was not inconsistent with the IJ's findings.  To the contrary, the IJ had found that, with respect to his religion, Yero was "in part undecided, and he feels at ease with being undecided," and that although he would allow people to characterize him as Christian, he "maintains his own reservations that kept him from making a commitment to a new religion."  Additionally, with respect to Yero's political views, the IJ found that they were related "to fundamental decency, human rights, justice, and other large questions that political parties in their various ways try to address," even though Yero was "not

---

[2] We note that the BIA's claim to the 2005 report in its original decision was merely a "see also" cite.

4

interested in political parties." The BIA's findings were thus entirely consistent with the IJ's. Having echoed the IJ's findings, the BIA was entitled to reach a different determination regarding Yero's ultimate eligibility for relief. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

With respect to Yero's argument that the BIA erred in its eligibility determination, we are similarly unpersuaded. Yero argues, essentially, that he reasonably fears persecution because Mauritanian authorities will learn of his religious and political views because he will "speak out" about them. The BIA rejected that claim as impermissibly speculative. Even assuming that Yero subjectively fears future persecution, "[t]he objective element requires establishment of 'the context and believability' of the petitioner's claim 'through presentation of reliable, specific, objective supporting evidence.'" *Yang v. Gonzales*, 478 F.3d 133, 140-41 (2d Cir. 2007) (citation omitted). However, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008)

5

(holding that the IJ had to determine whether the evidence indicated that government authorities either were aware or likely to become aware of the petitioner's political activities before determining that he was ineligible for withholding of removal or CAT relief).  Here, Yero did not show that authorities would become aware of his religious or political views.  *See Hongsheng Leng*, 528 F.3d at 143.  Even assuming that Mauritanian authorities would come to know that Yero had rejected Islam, the State Department indicated that non-Muslims were not punished for their beliefs, and that "[t]he small number of known converts from Islam suffered no social ostracism, and there were no reports of societal or governmental attempts to punish them."  *See* Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, *Mauritania Int'l Religious Freedom Report 2004*.  Furthermore, because there was no solid support in the record for Yero's assertion that he had a well-founded fear of persecution, there is no merit to his argument that the agency erroneously applied to his asylum application a standard higher than a "reasonable possibility" of persecution.  *See Jian Xing Huang*, 421 F.3d at 129.  Accordingly, the BIA properly concluded that Yero had not

met his burden of proof in establishing his eligibility for asylum.

Although, as the government argues, Yero failed to challenge the IJ's denial of his withholding of removal claim in his appeal to the BIA, the BIA excused Yero's failure to exhaust when it explicitly found that he "failed to meet the higher burdens for withholding of removal and protection pursuant to the Convention Against Torture."  *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).  However, because Yero fails to challenge the BIA's rejection of his withholding of removal and CAT claims, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we find that any such argument is waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____