09-4079-ag
Zhang v. Holder

BIA
Holmes-Simmons, IJ
A094 798 076

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges*.

_____

_____

RI DONG ZHANG,
            *Petitioner*,

        v.                                09-4079-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, John S. Hogan, Senior
                       Litigation Counsel, Michael C.
                       Heyse, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department

of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ri Dong Zhang, a native and citizen of China, seeks review of the September 2, 2009, order of the BIA, affirming the January 8, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ri Dong Zhang*, No. A094 798 076 (B.I.A. Sept. 2, 2009), *aff'g* No. A094 798 076 (Immig. Ct. N.Y. City Jan. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

2

Zhang does not contest the agency's finding that he was not *per se* eligible for relief based on his wife's abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007); *Matter of J-S-*, 24 I. & N. Dec. 520 (AG 2008). Moreover, we find no error in the agency's denial of Zhang's applications for relief based on his alleged "resistance" to China's coercive population control program. *See Shi Liang Lin*, 494 F.3d at 312-13 (discussing "resistance" claims). As the IJ found, the acts Zhang described -- impregnating his wife, desiring to have more children, and going into hiding -- do not amount to resistance. *Id.; Matter of S-L-L-*, 24 I. & N. Dec. 1, 10 (BIA 2006) overruled on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Indeed, Zhang acknowledged that he never expressed any displeasure to family planning officials about his wife's abortion.

The agency also reasonably found that Zhang's fear of persecution was not well-founded. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). Contrary to Zhang's argument, the BIA reasonably found that he did not provide evidence demonstrating that "China sterilizes its citizens

3

for not having registered marriage or for having a child from an unregistered marriage," as he presented evidence only of his subjective fear, and did not provide objective evidence that someone in his circumstances would be sterilized if returned to China.  *See Ramsameachire*, 357 F.3d at 178*; Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (explaining that "objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country")*; see also Diallo*, 232 F.3d at 285-86 (finding that this Court defers to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected"). Thus, the agency properly denied Zhang's application for asylum.

As Zhang based his application for asylum and withholding of removal on the same factual predicate, it follows that he failed to meet the higher burden of proof with respect to withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

Additionally, although we do have jurisdiction to review the IJ's denial of Zhang's application for CAT relief, as the BIA considered the IJ's denial of such relief, *see Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006) (holding that where the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court), contrary to Zhang's argument, he fails to point to any specific evidence in support of his claim that he would likely be tortured based on his illegal departure. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (finding that a petitioner is not "entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China"). Thus, the agency did not err in denying Zhang's application for CAT relief. *Id*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk