*Rahman v. Sessions*

BIA
Christensen, IJ
A206 233 967

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge,*
        RICHARD C. WESLEY,
        DENNY CHIN,
            *Circuit Judges.*

_____

MASUDER RAHMAN,
        *Petitioner,*

        v.                                          17-369
                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Indra Pal, Brooklyn, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Nancy Friedman,
                           Senior Litigation Counsel;
                           Virginia Lum, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Masuder Rahman, a native and citizen of Bangladesh, seeks review of a January 10, 2017, decision of the BIA affirming a February 23, 2016, decision of an Immigration Judge ("IJ") denying Rahman's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Masuder Rahman,* No. A 206 233 967 (B.I.A. Jan. 10, 2017), *aff'g* No. A 206 233 967 (Immig. Ct. N.Y. City Feb. 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decisions of both the BIA and the IJ. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the

2

circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Rahman was not credible.

The agency reasonably relied on discrepancies among Rahman's testimony, his application, and his wife's affidavit regarding the three instances when Awami League ("AL") members allegedly attacked him.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Although Rahman testified that he was rendered unconscious during all three attacks, his application and his wife's letter, which described all three

3

attacks, reported Rahman as unconscious only after the third attack. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (describing omissions as inconsistencies in terms of credibility and upholding agency's reliance on omissions from supporting letters); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (brackets omitted) (quoting *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006))). Moreover, as the agency found, Rahman introduced additional inconsistency by testifying that AL members dragged him out of a shop and beat him in the street, whereas his asylum application reported that he was beaten in the shop because he refused his attackers' order to leave. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004) (upholding agency's reliance on differing descriptions of harm).

These inconsistencies constitute substantial evidence for the adverse credibility determination because they undermined Rahman's credibility as to the alleged incidents of persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material

4

inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination). The IJ was not required to accept Rahman's explanations or credit his documentary evidence because neither resolved the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although Rahman states that he felt rushed and became confused while testifying, the record shows that he received a full and fair opportunity to present his claim. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (discussing argument that credibility ruling amounted to due process violation).

Given the inconsistencies and omissions relating to the

three alleged incidents of persecution and the lack of corroboration to resolve the discrepancies, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Rahman's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6