**RONG HUA ZOU, also known as Lai Sim Chan, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 08–2669–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Rong Hua Zou, a native and citizen of the People's Republic of China, seeks review of a May 20, 2008 order of the BIA, affirming the December 29, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Hua Zou*, No. A096 224 961 (B.I.A. May 20, 2008), *aff'g* No. A096 224 961 (Immig. Ct. N.Y. City Dec. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA "agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, ... we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Zou fails to challenge before this Court the agency's denial of her claim for CAT relief, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

■ Regarding Zou's asylum and withholding claims, we find that the agency's adverse credibility finding is supported by substantial evidence. The agency did not err in relying on Zou's inconsistent accounts of why she left China. During her border and credible fear interviews, Zou asserted that her aunt had been forced to have an abortion and that she feared the same thing would happen to her, but that she had never been threatened or arrested in China.[2] In contrast, in her I–589, Zou alleged that her mother had been forcibly sterilized and her family fined for overbirths, and that she feared persecution because she argued with cadres who imposed a fine upon her family. In addition, Zou gave yet another reason when she testified: that she feared birth control authorities because she bit a cadre who attempted to take her family's possessions as payment for an over-birth fine and was beaten as a result. These inconsistencies provide an appropriate basis for the IJ's adverse credibility determination. *See Jian Hui Shao v. BIA,* 465 F.3d 497, 500 (2d Cir.2006) (finding inconsistencies between alien's testimony and asylum application supported IJ's adverse credibility

finding); *see also Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 294–95 (2d Cir.2006) (upholding Board's adverse credibility determination based on petitioner's inconsistent statements and omissions between asylum application and hearing testimony concerning the mistreatment he suffered in China).

■ Zou's argument that the IJ erred in not identifying the inconsistencies and omissions at her hearing is without merit.[3] While it is true that an IJ may not rest an adverse credibility finding on a non-dramatic discrepancy without first putting a petitioner on notice and offering an opportunity to explain it, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), the agency need not give such notice and opportunity where, as here, it relied on dramatic omissions and discrepancies that go to the very heart of Zou's claim for asylum, including whether she was beaten and injured in custody, whether she physically engaged family planning officials or merely argued with them, and whether she fled because of her own persecution or the persecution of her aunt. *See Zhi Wei Pang v. BCIS,* 448 F.3d 102, 109–10 (2d Cir.2006).

In sum, we find that the agency's adverse credibility finding was supported by substantial evidence. Because Zou's withholding claim was premised on the same facts as her asylum claim, she necessarily

---

**2.** As the government notes, Zou fails to challenge the agency's reliance on the record of her sworn statement at her initial border interview. As a result, we deem any such challenge waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1. No manifest injustice will result from this waiver as "the record of the [border] interview indicates that it presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Indeed, Zou initialed each page of the initial border interview, and has never asserted that

she felt coerced into making the statements, or that she did not understand the statements that she made. *Id.* at 180–81.

**3.** Zou also argues that the BIA improperly relied on a minor inconsistency between the border interview and the credible fear interview, *i.e.,* that in her border interview, she stated that her aunt was taken away for the forced abortion, whereas in the credible fear interview, she said her aunt was "dragged away." However, neither the BIA nor the IJ made any such finding.

failed to meet the higher burden of proof. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.