Deng v. Whitaker

BIA
Vomacka, IJ
A201 119 201

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of February, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MING DENG,
> *Petitioner,*

v.                                                   17-1775
                                                     NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary Pogil, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; John S. Hogan,
                         Assistant Director; Mona Maria
                         Yousif, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Deng, a native and citizen of the People's Republic of China, seeks review of a May 11, 2017, decision of the BIA affirming a January 12, 2016, decision of an Immigration Judge ("IJ") denying Deng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Deng,* No. A 201 119 201 (B.I.A. May 11, 2017), *aff'g* No. A 201 119 201 (Immig. Ct. N.Y. City Jan. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). As an initial matter, our jurisdiction to review the agency's denial of asylum as untimely or its conclusion that Deng failed to establish changed circumstances is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Deng has identified no error of law, but simply argues that

the discovery of the religious materials she sent her mother in 2010 was a changed circumstance. But given that Deng alleged past persecution in China based on her 2004 arrest, the discovery of those materials was not a "changed circumstance which materially affect[ed] [her] eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). Accordingly, we review only the denial of withholding of removal and CAT relief.

The agency denied withholding of removal and CAT relief on credibility grounds. We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . [,] the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . [,] and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's

3

credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see* 8 U.S.C. § 1252(b)(4)(B).

The agency reasonably relied on Deng's inconsistent descriptions of her 2004 arrest, which was her sole allegation of past persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Deng's application stated that the police caught eight church members (including Deng), but released two because they were handicapped, and took the remaining six church members to the police station. However, Deng testified repeatedly that eight church members were arrested, taken to the police station, and detained between two days and two weeks. Although when specifically confronted with her written statement, Deng added that two handicapped church members were released at the police station, this did not resolve the inconsistency given that her application reflected that they were released before being taken to the station. Nor was the IJ required to accept Deng's speculation that the discrepancy was caused by a translation error in her written statement because Deng never submitted

4

a corrected translation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Deng's failure to attend church for five years after moving to the United States bolsters the adverse credibility ruling because it undermines the credibility of her allegations that she was a practicing Christian before 2010, risked arrest to attend church in China, and left China at least in part to seek religious freedom. *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). The IJ considered and reasonably rejected Deng's explanations for her failure to attend church until 2010 because there were churches with Mandarin language services in the cities where she was living and her testimony that she could not have outside contact while working as a babysitter in New York City from 2006 until 2009 was undermined by her testimony

5

that she had several part-time jobs for different families. Moreover, the five-year gap in Deng's church attendance is particularly suspicious because she began attending church one month before she applied for asylum. *Cf. Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013) (observing that claims based on activities in the United States are "especially easy to manufacture").

The agency also reasonably determined that the country conditions evidence reflected that treatment of Christians varied by region and did not report any incidents of mistreatment in Deng's home province of Hubei. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62, 174 (2d Cir. 2008) (upholding BIA's requirement that applicant demonstrate that officials in his local area enforce a government policy when evidence demonstrates local variations in enforcement of that policy). In addition to failing as an independent pattern or practice claim, *see* 8 C.F.R. § 1208.16(b)(2)(i)-(ii),the lack of any evidence that Christians who attended unregistered churches in Hubei province were arrested or mistreated supports the adverse credibility determination, *see Wensheng Yan*, 509 F.3d at 66; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to

6

corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court