*Li v. Barr*

BIA
Loprest, IJ
A205 427 825

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> CHRISTOPHER F. DRONEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

SU LI,

> *Petitioner*,

> v.                                                                  No. 16-3032

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

_____

FOR PETITIONER:            Keith S. Barnett, Esq., New York, NY.

FOR RESPONDENT:            Chad A. Readler, Civil Division; Anthony P. Nicastro, Sabatino F. Leo, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Su Li seeks review of a BIA decision denying her motion to remand and affirming an Immigration Judge's ("IJ") denial of her application for asylum. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Li was born in the People's Republic of China and came to the United States in 2011. She did not leave before her visa expired and received a Notice to Appear dated June 21, 2012, alleging that she was removable pursuant to 8 U.S.C. § 1227(a)(1)(B). Li conceded removability and applied for asylum.

To qualify for asylum, Li must demonstrate that she is a "refugee," meaning she is unable or unwilling to return to her home country because of past persecution or a well-founded fear of future persecution due to her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A); 8 C.F.R. § 1208.13(b). Li has not suffered any past persecution, so she must show that her fear of future persecution is well-founded, meaning it is genuine and reasonable. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014). Fear of persecution is well-founded if "there is a reasonable possibility [the applicant] would be singled out individually for persecution" or if there is a "pattern or practice" of persecution against the relevant group in the applicant's country of nationality. 8 C.F.R. §§ 1208.13(b)(2)(i), (iii).

Before the IJ, Li argued that she feared persecution upon her return to China because, while in the United States, Li joined the China Democratic Party ("CDP"), published four articles on the CDP website criticizing the Chinese government, and participated in numerous

2

demonstrations protesting the Chinese government's antidemocratic actions. Li also submitted letters from her brother, who lives in China, stating that the police came to his home to warn him that they knew of Li's political activities and that, if she returned to China and he did not report her to the police, he would be arrested for harboring a criminal.

The IJ denied the application, finding that Li had not shown that her fear was well-founded. The IJ discounted the letters from Li's brother because he was unavailable for cross-examination and was likely to have an interest in the outcome of the proceeding. Absent those letters, Li could only speculate that the Chinese government knew of her articles or participation in protests, or, even if they did know, that China persecuted similarly low-profile activists.

Li timely appealed to the BIA. While that appeal was pending, Li filed a motion to remand to the IJ because she had converted to Christianity and feared persecution on that basis if she returned to China. Li attached, among other things, an affidavit in which she described her conversion and stated that, if she goes back to China, her conscience will not allow her to join a state-sanctioned church, so she will instead join an underground church and proselytize on its behalf. Li attached evidence of her conversion and of persecution of members of underground Protestant churches by the Chinese government.

The BIA dismissed Li's appeal and denied her motion to remand. The BIA found that the IJ's decision not to credit Li's brother's letters was permissible and agreed that she had otherwise failed to show that her fear of persecution based on her political activity was well-founded. As to the motion to remand, the BIA found that she had failed to establish prima facie eligibility for asylum because she had not shown that the Chinese government was likely to become aware of her religious activities. This timely appeal followed.

Li first argues that she did show that her fear of persecution based on her political

3

activities was objectively reasonable. We review the agency's legal conclusions de novo and factual findings, including credibility findings, for "substantial evidence," *Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006),[1] treating the agency's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the IJ and BIA's conclusion that Li did not show that her fear of persecution based on her political activities with the CDP was objectively reasonable. We addressed a very similar case in *Y.C. v. Holder*, 741 F.3d 324 (2d Cir. 2013). Y.C., like Li, feared persecution upon her return to China because of her membership in a political group in the United States, publication of an editorial critical of China, and participation in protests. *Id.* at 328, 333. Y.C., like Li, relied on a letter from a family member in China, stating that the police had warned that they knew of Y.C.'s political activity. *Id.* at 334. Y.C., like Li, provided no other evidence that the government knew or was likely to learn about her conduct. *See id.* Moreover, like Li, Y.C. adduced no evidence of persecution of similarly situated persons, pointing only to a high-profile activist whose political activities took place, at least in part, in China. *Id.* at 334-35. We deferred to the agency's decision to give the unsworn letter by an interested party "very little evidentiary weight," particularly considering the lack of evidence of similarly situated persons being persecuted. *Id.* at 334-35.[2] Accordingly, substantial evidence supports the agency's finding that Li did not demonstrate that her fear of political persecution was objectively reasonable.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, italics, and citations.

[2] This is not to say that such letters are never credible. However, these letters do not appear in a vacuum, and their credibility is affected by the presence or absence of other evidence suggesting that similarly situated persons have also faced persecution.

For much the same reasons, we find that the BIA did not abuse its discretion in denying Li's motion to remand to the IJ for consideration of her asylum application based on her fear of persecution given her conversion to Christianity. "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). The movant must establish "prima facie eligibility for asylum," meaning "a realistic chance that she will be able to obtain such relief." *Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008).

Li does not argue on appeal that there is a pattern or practice of persecuting Protestants in China. Instead, she argues only that she is likely to be singled out for persecution because her brother's letters show that she is already on the Chinese government's radar. Because we defer to the IJ's credibility finding regarding Li's brother's letters, substantial evidence supports the BIA's finding that Li had not shown that Chinese authorities are aware or likely to become aware of her conversion to Christianity, and so had not established *prima facie* eligibility for asylum.

The petition for review is therefore **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5